UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GE CAPITAL INFORMATION TECHNOLOGY SOLUTIONS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) 2:11-cv-82 PPS-APR<br>) |
| CAMPBELL ADS LLC and DEBRA CAMPBELL | )<br>)<br>) |
| Defendants. | )<br>) |
| CAMPBELL ADS LLC and DEBRA L. CAMPBELL, | )<br>)<br>) |
| Third Party Plaintiffs, | )<br>)<br>) |
| v. | )<br>) |
| IKON OFFICE SOLUTIONS, INC., | )<br>)<br>) |
| Third Party Defendant. | )<br>) |

**OPINION AND ORDER**

Defendants Campbell Ads LLC and Debra Campbell entered into a finance agreement to lease a photocopier. GE Capital, through it subsidiary IKON Financial Services, provided the financing for the lease. After Campbell stopped making payments on the copier lease, GE Capital filed a complaint against both Campbell and her company Campbell Ads LLC. Campbell responded with a Third Party Complaint against IKON Office Solutions, Inc., a company that is separate and apart from IKON Financial Services. IKON Office now moves to dismiss the Third Party Complaint [DE 49], and for the following reasons the motion to dismiss is **GRANTED**.

**Background**

Debra Campbell is the sole member of Campbell Ads LLC, an advertising and printing company. [DE 23, at 1-2.] In May 2006, Campbell leased an IKON photocopier. To finance it, Campbell Ads LLC entered into an agreement with IKON Financial Services that Debra Campbell personally guaranteed. [DE 23, at 3.] IKON Financial is a subsidiary of GE Capital, which filed this lawsuit after Campbell failed to make payments under the agreement. [DE 10, at 3.] GE Capital brought a claim for breach of contract against Campbell Ads LLC, and a claim for breach of personal guaranty against Debra Campbell. [DE 10.] Campbell filed a counterclaim against GE Capital, and I dismissed the counterclaim but granted Campbell's request to file a Third Party Complaint against IKON Office. [DE 39.]

Campbell's Third Party Complaint against IKON Office Solutions, Inc., brings claims for breach of contract, breach of warranty, and contribution. [DE 42.] The breach of contract claim alleges that Campbell entered into a finance agreement with IKON Office to lease the copier, that the copier never worked, and that IKON Office failed to repair it or supply a fully functioning copier as required by the agreement. [*Id.* ¶¶ 8-9.] In the breach of warranty claim, Campbell alleges that IKON Office breached the implied warranty of merchantability. [*Id.* ¶ 12.] And in the contribution claim, Campbell alleges that if Campbell is obligated to pay GE Capital on the underlying complaint, IKON Office should contribute due to its own negligence. [*Id.* ¶ 15.] IKON Office now seeks dismissal of those claims.

**Discussion**

The minimum requirements for pleading a claim for relief are contained in Federal Rule of Civil Procedure 8. That rule requires "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8.  But to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  And although at this stage I must accept all allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by mere conclusory statements. *Iqbal*, 129 S.Ct. at 1949-50.  So, under *Iqbal*, I must first identify allegations in the complaint that are not entitled to the assumption of truth by, for example, disregarding legal conclusions. *Id*. at 1951.  Then I must look at the remaining allegations to determine whether they plausibly suggest an entitlement to relief. *Id*.  Determining whether a complaint states a plausible claim for relief requires me to draw on my judicial experience and common sense. *Id*. at 1950.

Campbell's breach of contract claim must be dismissed because a breach of contract claim may only be maintained against a party to the contract. *Perry v. Unum Life Inc. Co. of Am.*, 353 F. Supp. 2d 1237, 1239 (N.D. Ga. 2005).[1]  This claim against IKON Office can't go forward because Campbell isn't in privity with IKON Office under the contract she is suing under.  Campbell named IKON Office as the Third Party Defendant, refers to IKON Office as "Ikon" throughout the Third Party Complaint, and alleges that it "entered into a finance agreement with Ikon." [DE 42 ¶ 2.]  But the actual agreement provides that Campbell entered

---

[1] Campbell's Third Party Complaint references the finance agreement with Ikon Financial Services, and states that it's "attached as A," but didn't actually attach it to its filing.  That appears to have been a mistake, so IKON Office attached it in its response.  As the agreement is referenced in the Third Party Complaint, I'll consider it without converting the motion to dismiss to a motion for summary judgment. *McCready v. eBay*, *Inc.*, 453 F.3d 882, 891-82 (7th Cir. 2006) ("documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." (citations omitted)).  The agreement provides that the law of the State of Georgia applies. [DE 50-1 ¶ 12.]

into the agreement with IKON Financial Services, not IKON Office. [DE 50-1.]

Perhaps there is a second agreement that Campbell entered into with IKON Office. If that is so she will be given leave to file an amended Third Party Complaint. But the contract that she has referred to in her existing third party complaint cannot form the basis for a claim for the simple reason that IKON Office Solutions is not a party to the agreement.

To get around this problem, Campbell attempts to argue that IKON Office should be treated as an alter ego of IKON Financial. This argument lacks both a legal and factual basis, but more importantly, it's irrelevant. The conclusion that a corporation is an alter ego of another entity – usually a person – is a fact-intensive conclusion a court makes in deciding whether to pierce the corporate veil. *Graham v. Palmtop Prop., Inc.*, 645 S.E.2d 343, 346 (Ga. App. 2007). Campbell's Third Party Complaint hasn't included any allegations related to piercing the corporate veil, so at this point the alter ego argument is a nonstarter. Since IKON Office is not a party to the agreement, and there are no facts alleged in the Third Party Complaint showing that IKON Office is affiliated with IKON Financial, the breach of contract claim against IKON Office must be dismissed but Campbell will be given an opportunity file an amended third party complaint.

As for the breach of warranty claim, IKON argues that this claim is barred by Indiana's four year statute of limitations for warranty claims. *See* I.C. 26-1-2.1-605(1). Since the copier was leased in 2006 and the third party complaint was brought in 2011, this argument is correct. And while the statute of limitations is an affirmative defense and cannot ordinarily be raised in a motion to dismiss, one may plead themselves out of court by making allegations in the complaint that make it plain that the claim is barred by the statute of limitations. *Perry v. Sullivan*, 207

F.3d 379, 382 (7th Cir. 2000). That appears to be the case here. Indeed, Campbell's response appears to concede as much. [DE 61-1, at 5.]

What Campbell says in her response to the statute of limitations argument is that she really intended to bring a fraud claim and because a fraud claim has a longer statute of limitations – six years under Indiana law, *see* Ind. Code § 34-11-2-7(4) – the claim is therefore timely. I would agree with Campbell that a fraud claim would likely be timely, but the fact of the matter is that the third party complaint doesn't state such a claim. Campbell will be given the opportunity to amend the third party complaint, but when she does so Campbell would be wise to consider the more exacting pleading standard for fraud claims. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

Finally, the contribution claim is dismissed. Under both Georgia and Indiana law, a party isn't entitled to contribution unless it "has been compelled to discharge *a liability for which he or the other party were equally bound*." *Klausman v. Klausman*, 186 Ga. App. 669, 670 (Ga. Ct. App. 1988) (citation omitted); *Small v. Rogers*, 938 N.E.2d 18, 22 (Ind. Ct. App. 2010). But without a common burden, there's no claim for contribution. *In re Whitacre Sunbelt, Inc.*, 206 B.R. 1010, 1018-19 (N.D. Ga. 1997); *Small*, 938 N.E.2d at 23. Campbell's Third Party Complaint makes no claim that IKON Office is somehow also liable for the lease payments, and so it doesn't state a claim for contribution. Campbell doesn't disagree. Instead, Campbell once again switches gears in her response, stating that the Third Party Complaint mistakenly made a claim for contribution when the intended claims were for indemnification and fraudulent

misrepresentation.  Yet Campbell doesn't allege facts as to either one of these claims.  One cannot amend a complaint in a response to a motion to dismiss. The proper course is to file an amended complaint with all the proper allegations.

For the foregoing reasons, IKON Office Solution's Motion to Dismiss Third Party Complaint [DE 49] is **GRANTED**, the claims against Ikon Office Solution are dismissed without prejudice, and Campbell has **30 days** to file an Amended Third Party Complaint.

**SO ORDERED**.

ENTERED: May 14, 2012

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
