```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

```
G.E. CAPITAL INFORMATION          )
TECHNOLOGY SOLUTIONS, INC.,       )
                                  )
            Plaintiff             )
                                  )
       v.                         )
                                  )
CAMPBELL ADS LLC and              )
DEBRA L. CAMPBELL,                )
                                  )
            Defendants            )
******************************)   Case No. 2:11 cv 82
CAMPBELL ADS LLC and              )
DEBRA L. CAMPBELL,                )
                                  )
    Third Party Plaintiffs        )
                                  )
       v.                         )
                                  )
IKON OFFICE SOLUTIONS, INC.,      )
                                  )
    Third Party Defendant         )
```

## OPINION AND ORDER

This matter is before the court on the Motion to Vacate Or, In the Alternative, To Reconsider [DE 67] filed by the defendants, Campbell Ads LLC and Debra L. Campbell, on May 8, 2012. For the reasons set forth below, the motion is **DENIED**.

### Background

On October 13, 2011, the plaintiff served the defendants with its first interrogatories and requests for production. The defendants did not serve the plaintiff with a timely response, and the plaintiff proceeded to file a motion to compel. At the

December 2, 2011 status conference, the court directed the defendants to respond to the outstanding discovery by December 18, 2011. The plaintiff did not receive a response to the outstanding discovery by this date and filed a motion for sanctions due to the defendants' failure to comply with the court order. At the February 10, 2012 status conference, the court again instructed the defendants to respond to the outstanding discovery by February 17, 2012. The defendants sent responses to the outstanding discovery on February 17, 2012.

The defendants never responded to the motion for sanctions or notified the court of their compliance. On May 2, 2012, the court granted the plaintiff's motion for sanctions. The defendants now move for reconsideration of the order granting sanctions.

## Discussion

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). *See also* *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law,

or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). See also *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008)("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

> 56 F.3d at 828

See also *Oto v. Metropolitan Life Insurance Company,* 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); *Divane v. Krull Electric Company*, 194 F.3d 845, 850 (7th Cir. 1999); *LB Credit Corporation v. Resolution Trust Corporation*, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conser-

3

vation of scarce judicial resources." *Global View Ltd. Venture Capital v. Great Central Basin Exploration*, 288 F.Supp.2d 482, 483 (S.D.N.Y. 2003)(internal quotation omitted).

The defendants argue that the court overlooked an aspect of the case because the defendants delivered their responses to the outstanding interrogatories and request for production on February 17, 2012, as last instructed by the court. The defendants overlook that Federal Rule of Civil Procedure 37(b)(2)(C) mandates the award of attorney fees when a party's failure to comply with discovery was not substantially justified. The defendants ignored the first two discovery deadlines, which is what prompted the plaintiff to file the motion to compel. The defendants never filed a response or offered an explanation for failing to comply with either of these deadlines. The plaintiff should not bear the cost for the defendants' failure to comply with the first two deadlines, irregardless of whether the defendants eventually complied. Because Rule 37 demands the payment of attorney fees associated with filing a motion to compel unless the non-cooperating party offers a sufficient justification, and here the record is devoid of any explanation for why the defendants ignored the first two deadlines, the court declines to reconsider its May 2, 2012 Opinion and Order awarding the plain-

tiff its attorney fees associated with filing its motion to compel.

_____

Based on the foregoing, the Motion to Vacate Or, In the Alternative, To Reconsider [DE 67] filed by the defendants, Campbell Ads LLC and Debra L. Campbell, on May 8, 2012, is **DENIED.**

ENTERED this 25th day of July, 2012

                                   s/ ANDREW P. RODOVICH
                                      United States Magistrate Judge