```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION

G.E. CAPITAL INFORMATION          )
TECHNOLOGY SOLUTIONS, INC.,       )
                                  )
            Plaintiff             )
                                  )
      v.                          )
                                  )
CAMPBELL ADS LLC and              )
DEBRA L. CAMPBELL,                )
                                  )
            Defendants            )
*****************************)    Case No. 2:11 cv 82
CAMPBELL ADS LLC and              )
DEBRA L. CAMPBELL,                )
                                  )
    Third Party Plaintiffs        )
                                  )
      v.                          )
                                  )
IKON OFFICE SOLUTIONS, INC.,      )
                                  )
    Third Party Defendant         )
```

OPINION AND ORDER

This matter is before the court on the Motion to Vacate [DE 75] filed by the defendants/third party plaintiffs, Campbell Ads LLC and Debra L. Campbell, on August 20, 2012. For the reasons set forth below, the motion is **DENIED IN PART** and **GRANTED IN PART.**

Background

On October 13, 2011, the plaintiff, G.E. Capital Information Technology Solutions, Inc., served the defendants/third party plaintiffs, Campbell Ads LLC and Debra Campbell (hereafter

Campbells), with its first interrogatories and requests for production.  The Campbells did not serve a timely response, and G.E. Capital filed a motion to compel.  At the December 2, 2011 status conference, the court directed the Campbells to respond to the outstanding discovery by December 18, 2011.  G.E. Capital did not receive a response to the outstanding discovery by this date and filed a motion for sanctions due to the Campbells' failure to comply with the court order.  At the February 10, 2012 status conference, the court again instructed the Campbells to respond to the outstanding discovery by February 17, 2012.  The Campbells sent responses to the outstanding discovery on February 17, 2012.

The Campbells never responded to the motion for sanctions or noticed the court of compliance.  On May 2, 2012, the court granted the motion for sanctions.  The Campbells filed a motion to reconsider the court's order on the motion for sanctions, which was denied on July 25, 2012.  In the Opinion and Order, the court explained that Federal Rule of Civil Procedure 37(b)(2)(C) mandates the award of attorney fees when a party's failure to comply with discovery was not substantially justified.  Because the Campbells ignored the first two deadlines, prompting G.E. Capital to file the motion to compel, and never filed a response explaining its reason for failing to comply with either of the deadlines, the court determined that G.E. Capital should not bear

the cost regardless of whether the Campbells eventually complied. The Campbells now ask the court to reconsider the motion for sanctions for a second time. This time the Campbells argue that the records G.E. Capital sought were not readily available and that production was delayed because one of its attorneys was hospitalized.

## Discussion

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). *See also Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). *See also United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008)("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before

it."). In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.
>
> 56 F.3d at 828.

*See also Oto v. Metropolitan Life Insurance Company,* 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); *Divane v. Krull Electric Company*, 194 F.3d 845, 850 (7th Cir. 1999); *LB Credit Corporation v. Resolution Trust Corporation*, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Global View Ltd. Venture Capital v. Great Central Basin Exploration*, 288 F.Supp.2d 482, 483 (S.D.N.Y. 2003)(internal quotation omitted).

A motion to reconsider is not a vehicle to allow the losing party to use new arguments that it failed to raise in its initial motion or response. *Oto,* 224 F.3d at 606. The party must point to something the court overlooked, and here the Campbells are unable to do so because they never filed a response to the motion

for sanctions.  *Ahmed*, 388 F.3d at 249.  The Campbells not only failed to raise the unavailability of the documents requested and the poor health of their attorney in response to the motion for sanctions, they also failed to raise these arguments in their first motion to reconsider.  Regardless, the Campbells had two attorneys, one of which had no excuse other than his failure to respond was "inadvertent and did not prejudice the plaintiff." (Cifelli Aff. 1)  The Campbells are not entitled to file a series of motions to reconsider hoping that the court accepts one theory.  The Campbells again have failed to point out any errors or facts the court overlooked at the time it issued its decision that would warrant reconsideration.

In their motion, the Campbells also requested an extension of time to respond to the third-party defendants' motion to dismiss or to file a motion to withdraw.  The Campbells' request for an extension of time is **GRANTED**.  The Campbells are **DIRECTED** to file their response or motion to withdraw within 14 days of this Order.

_____

Based on the foregoing, the Motion to Vacate [DE 75] filed by the defendants/third party plaintiffs, Campbell Ads LLC and Debra L. Campbell, on August 20, 2012, is **DENIED** with respect the Campbells' request to vacate the order for sanctions and **GRANTED**

5

with respect to the request for extension of time to respond to the third-party defendants' motion to dismiss.

ENTERED this 25th day of October, 2012

                                               s/ ANDREW P. RODOVICH
                                                 United States Magistrate Judge